UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RIVER CASUALTY COMPANY, | ) | CASE NO.  1:21-cv-185 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| UNICONTROL, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

Before this Court are Defendant/Counter-Claimant Unicontrol, Inc.'s ("Unicontrol")

motion for partial summary judgment (Doc. No. 15) and Plaintiff James River Casualty

Company's ("James River") motion for summary judgment (Doc. No. 17).  After reviewing

these motions, along with opposition briefs submitted by James River and Unicontrol (Doc. Nos.

19 & 20), this Court ordered supplemental briefing.  Both parties submitted supplemental briefs

pursuant to this Order.  (Doc. Nos. 24 & 25.)  For the following reasons, this Court GRANTS

James River's motion for summary judgment and DENIES Unicontrol's motion for partial

summary judgment.

I. **Factual Background**

This case hinges on whether the terms of insurance policies that Unicontrol purchased

from James River – the first period of coverage commencing in June 2015 – require James River

to defend and indemnify Unicontrol for property damage that occurred between 1918 and 1971.

The material facts of this case are not in dispute.

1

## A.  The Underlying Lawsuit

On or about February 28, 2020, Michigan City, Indiana and the Michigan City Redevelopment Commission (the "Underlying Plaintiffs") filed a complaint against Defendants Hays-Republic Corporation ("Hays-Republic") as successor-in-interest to the Joseph W. Hays Corporation ("Hays Corporation"), Milton Roy LLC ("Milton Roy") as successor-in-interest to Hays Corporation, Optimum Controls Corporation ("Optimum") as successor-in-interest to Hays Corporation, and Unicontrol as alleged successor-in-interest to Hays Corporation in the LaPorte County, Indiana Circuit Court (the "Underlying Lawsuit").  (Stipulated Facts, Doc. No. 14 at PageID 598-99, ¶ 12.)

The Underlying Lawsuit alleges that Unicontrol's predecessors-in-interest, Hays Corporation and Milton Roy, between 1918 and 1971, operated a facility (the "Facility") in Michigan City, Indiana, which manufactured combustion control and gas analysis equipment. (Underlying Lawsuit, Doc. No. 14-1 at PageID 602-04, ¶¶ 1, 10-11.)  Beginning in 2010, the Underlying Plaintiffs began dedicating resources to remediate soil that was contaminated by the Facility.  (*Id.* at PageID 605, ¶ 17 & 20.)  As successor-in-interest to Hays Corporation, Unicontrol is responsible for this contamination.  The Underlying Plaintiffs seek compensatory damages, attorney fees, and litigation expenses.  (Doc. No. 14-1 at PageID 606, ¶ 24; Doc. No. 17 at PageID 651.)

## B.  James River's Policies

James River issued the following commercial liability policies to Unicontrol:

1.  00067388-0 (with policy dates from 6/28/2015 to 6/28/2016),

2.  00067388-1 (with policy dates from 6/28/2016 to 6/28/2017),

3.  00067388-2 (with policy dates from 6/28/2017 to 6/28/2018),

    4.   00067388-3 (with policy dates from 6/28/2018 to 6/28/2019), and

    5.   00067388-4 (with policy dates from 6/28/2019 to 6/28/2020). [1]

(Doc. No. 14 at PageID 597-98, ¶ 4.)  All of the Policies contain an Insuring Agreement

Provision and a Claims in Progress Exclusion.

      The Insuring Agreement Provision, found in the section titled "Coverage A Bodily Injury

and Property Damage Liability" ("Coverage Part A"), states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Doc. No. 1-1 at PageID 25; Doc. No. 1-2 at PageID 127; Doc. No. 1-3 at PageID 224; Doc. No.

1-4 at PageID 327; Doc. No. 1-5 at PageID 431.)

      The Claims in Progress Exclusion modifies Coverage Part A and contains two subparts,

henceforth referred to as "Subsection (a)" and "Subsection (b)":

> a.  This Coverage Part does not apply to "bodily injury", "property damage", or "personal and advertising injury" which begins or takes place before the inception date of coverage, whether such "bodily injury", "property damage", or "personal and advertising injury" is known to an "insured", even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury", "property damage" or "personal and advertising injury" may be or may involve a continuous or repeated exposure to substantially the same general harm.
>
> b.  All "property damage" to units of or within a single project or development, and arising from the same general type of harm, shall be deemed to occur at the time of damage to the first such unit, even though the existence, nature and extent of such damage or injury may change and even though the "occurrence" causing such "property damage" may be or involve a continuous or repeated exposure to substantially the same general harm which also continues or takes

---

[1] Collectively referred to herein as "the Policies."

3

place (in the case of repeated exposure to substantially the same general harm) during the policy term.

(Doc. No. 1-1 at PageID 103; Doc. No. 1-2 at PageID 206; Doc. No. 1-2 at PageID 206; Doc. No. 1-3 at PageID 304; Doc. No. 1-4 at PageID 406; Doc. No. 1-5 at PageID 510.)

Neither of the Policies contain a choice-of-law provision or a forum selection clause.  (Doc. No. 14 at PageID 598, ¶¶ 10-11.)

### C. Denial of Coverage

After the Underlying Plaintiffs commenced their suit, Unicontrol tendered its coverage claim to James River and requested that James River defend Unicontrol in the proceeding.  (*Id.* at PageID 599, ¶ 16.)  On or about April 28, 2020, James River sent an Acknowledgment of Claim and Denial of Coverage letter to Unicontrol stating that the Policies do not cover the Underlying Lawsuit, and therefore James River has no duty to defend or indemnify Unicontrol.  (*Id.* at PageID 599, ¶ 17.)

## II. Procedural Background

On January 22, 2021, James River initiated this action against Unicontrol.  (Doc. No. 1.) The sole count seeks a declaratory judgment that James River has no contractual duty to defend or indemnify Unicontrol in relation to the Underlying Lawsuit.  (*Id.*)  On May 3, 2021, along with its answer to James River's complaint, Unicontrol filed a breach of contract counterclaim against James River.  (Doc. No. 5.)  On May 24, 2021, James River answered Unicontrol's counterclaim.  (Doc. No. 11.)

On September 7, 2021, pursuant to the Court's Case Management Conference Order, the parties filed a joint stipulation of fact.  (Doc. No. 14.)  The next day, Unicontrol filed a motion for summary judgment on James River's declaratory relief claim (Doc. No. 15), and James River filed a motion for summary judgment on its declaratory relief claim and Unicontrol's breach of

contract claim. (Doc. No. 17.) On October 25, 2021, each party opposed the others' summary

judgment motion. (Doc. Nos. 19 & 20.)

On May 4, 2022, after reviewing the summary judgment motions and the corresponding

opposition briefs, the Court issued the following non-document Order:

> To assist the Court in its review of the pending motions for summary judgment
> (Doc. Nos. 15 & 17), the parties are instructed to provide supplemental briefing on
> the application of the "Claims in Progress Exclusion" to the "Underlying Lawsuit."
> Plaintiff is to submit a brief of no more than 5 pages, explaining its position on
> whether, using the standard rules of contract interpretation, the "Claims in Progress
> Exclusion" – particularly subsection (b) – precludes it from indemnifying and
> defending Defendant in the Underlying Lawsuit by no later than May 18, 2022.
> Once Plaintiff submits this brief, Defendant has 10 business days to submit a brief
> of the same length identifying its position on this clause and responding to the
> arguments made in Plaintiff's brief.

After the Court granted the parties extensions, James River filed its supplemental brief on

May 27, 2022 (Doc. No. 24), and Unicontrol filed its supplemental brief on June 13,

2022. (Doc. No. 25.)

## III. <u>Analysis</u>

### A. *Summary Judgment Standard*

A motion for summary judgment must be granted "if the movant shows there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed

must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B)

showing that the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P.

56(c)(1).

In reviewing summary judgment motions, this Court must view the evidence in the light

most favorable to the non-moving party to determine whether a genuine issue of material fact

exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id.* at 252.

Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). Put another way, the party opposing the motion for summary judgment must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."). Thus, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871 (1990); *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) ("A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant." (cleaned up)). Rule 56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(2); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.").

When reviewing cross-motions for summary judgment, the court's analysis remains the same. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) ("It is true that both parties seek to resolve this case through the vehicle of cross-motions for summary judgment, but the standards upon which the court evaluates the motions for summary judgment do not change simply because the parties present cross-motions.").  The Court must draw all reasonable inferences in favor of the non-moving party and determine whether a genuine dispute of material fact exists.  *See id.*

### B. Declaratory Judgment Act

The Declaratory Judgment Act gives federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants."  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *see also* 28 U.S.C. § 2201 (providing that courts "may declare the rights and other legal relations of any interested party seeking such declaration").  To determine whether to exercise jurisdiction over a declaratory action, courts consider the following five factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (quotation omitted).

Here, the Court agrees with the parties that it is appropriate for the Court to resolve this dispute.  A resolution will determine the rights and responsibilities of these parties without extensive litigation and provide Unicontrol with much-needed clarification as it defends itself in

the Underlying Lawsuit.  *See id.*  There is also no evidence that James River filed this case for strategic reasons.  *See id.*  Finally, a declaratory judgment will not obviate viable claims in the Underlying lawsuit or otherwise interfere in that suit.  *See id.*

### C. Discussion

#### 1. Under the Claims in Progress Exclusion's Subsection (a), James River has no to duty defend or indemnify Unicontrol in the Underlying Lawsuit.

James River argues that it is not required, as a matter of law, to defend or indemnify Unicontrol in the Underlying Lawsuit because Subsection (a) unambiguously precludes coverage for property damage that began before the first date of coverage.  (Doc. No. 17 at PageID 665.) Unicontrol asserts that the language is ambiguous, and the terms must be construed against James River – meaning that James River must indemnify or defend Unicontrol in the Underlying Lawsuit.

The Policies do not have forum selection clauses or choice of law provisions.  This is of no moment when interpreting the terms of the Claims in Progress Exclusion provision.  The parties agree that either Ohio law or Indiana law would apply.  Under both states' laws, contract terms, like those at issue here, are resolved by giving the terms their plain and ordinary meaning. (Doc. No. 19 at PageID 686; Doc. No. 20 at PageID 702.)  *See Meridian Mut. Ins. Co. v. Auto-Owners Ins. Co.*, 698 N.E.2d 770, 773 (Ind. 1998); *Equity Diamond Brokers, Inc. v. Transnat'l Ins. Co.*, 785 N.E.2d 816, 819 (Ohio Ct. App. 2003).  If there is ambiguity, "insurance policies are construed strictly against the insurer, and the policy is viewed from the standpoint of the insured." *State Farm Mut. Auto. Ins. Co. v. Jakubowicz*, 56 N.E.3d 617, 619 (Ind. 2016); *see also Buckeye Union Ins. Co. v. Price*, 313 N.E.2d 844, 846 (Ohio 1974).

8

James River asserts that Subsection (a) unambiguously states that damages that occurred – or began to occur – prior to the issuance of the Policies are excluded.

Under Subsection (a), James River does not have to perform under the Insuring Agreement Provision if the "property damage" at issue "begins or takes place before the inception date of coverage, whether such . . . 'property damage' . . . is known to the 'insured,' even though the nature and extent of such damage . . . may change and even though the damage may be continuous, progressive, cumulative, changing, or evolving, and even though the 'occurrence' causing such . . . 'property damage' may be or may involve a continuous or repeated exposure to substantially the same general harm." (*E.g.,* Doc. No. 1-1 at PageID 103.)

Here, the Underlying Plaintiffs seek to recover for property damage stemming from activities at the Facility between 1918 and 1971.  (Doc. No. 14-1 at PageID 602-04, ¶¶ 1, 10-11.) It is undisputed that 2015 is the first year in which one of the Policies took effect.  (Doc. No. 14 at PageID 597-98, ¶ 4.)  Giving the terms their plain and ordinary meaning, the Court finds that the Policies do not cover the Underlying Lawsuit because the "property damage" "beg[an] or [took] place" somewhere between 1918 and 1971, which is undisputedly "before the inception date of coverage."  (Doc. No. 1-1 at PageID 103.)  The Court further finds that the plain and ordinary meaning of the Policies' terms clarify that coverage does not extend to damages that continue into the coverage period.  Subsection (a) states that James River has no obligation to defend or indemnify Unicontrol for this property damage "even though the nature and extent of such damage . . . may change and even though the damage may be continuous, progressive, cumulative, changing, or evolving, and even though the 'occurrence' causing such . . . 'property damage' may be or may involve a continuous or repeated exposure to substantially the same general harm."  (*Id.*)

9

In conclusion, Subsection (a)'s text is clear: James River does not have to indemnify or defend Unicontrol in lawsuits related to property damage that began to occur before 2015, even if damage continues into the Policies' coverage periods.  (*Id.*)  The coverage Unicontrol seeks is expressly and unambiguously excluded by the Policies' terms.

### 2.  Unicontrol's arguments regarding Subsection (a)'s application fail.

Unicontrol argues that Subsection (a)'s terms must be interpreted in favor of coverage. These three arguments are not supported by law.  Each argument is addressed below.

Unicontrol first asserts that the Court must interpret Subsection (a) in light of Ohio and Indiana's preference for narrow insurance exclusions.  (Doc. No. 20 at PageID 706-07.)  In support, Unicontrol directs the Court to one Indiana and one Ohio Supreme Court case – neither of which are persuasive here.  (*Id.* at PageID 706.)  In *Allstate Ins. Co. v. Dana Corp.*, the Indiana Supreme Court determined that an insurance company had to defend and indemnify the insured for harm that first occurred outside of the contested policy's coverage period.  759 N.E.2d 1049, 1058 (Ind. 2001).  In making this determination, the court noted that "there [was] no language in the coverage grant . . . that limits [the insurance company's] responsibility to indemnification for liability derived solely for the portion of damages taking place within the policy period."  *Id.*  Similarly, in *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, the Ohio Supreme Court held that an insurance company was liable for all damages stemming from an "occurrence" that took place within the coverage period because "[t]here [was] no language in the triggered policies that would serve to reduce an insurer's liability if an injury occurs only in part during the policy period."  95 Ohio St. 3d 512, 516 (2002).

In the end, all these cases provide is that Ohio and Indiana only enforce exclusions if the insurance company articulates the exclusion in its policy.  But James River – through Subsection

(a) – did just that: it explicitly stated that it was not on the hook for any liability that occurred or began to occur before the policy's inception.

James River correctly notes that Unicontrol's argument is further weakened by the fact that courts applying Indiana law – the law that Unicontrol petitions this Court to apply – have held that a similarly worded exclusion did not require the insurance company to indemnify or defend the insured if the damage began to occur or took place before the coverage period. *Atl. Cas. Ins. Co. v. Garcia*, 227 F. Supp. 3d 990 (N.D. Ind. 2017), *aff'd*, 878 F.3d 566 (7th Cir. 2017).

In *Garcia*, the district court held that the following exclusion allowed an insurance company to refuse to defend and indemnify the insured in a lawsuit related to damage that first began to occur outside of a policy's coverage period:

> In Coverage A . . . the insurance does not apply to: (1) any loss or claim for damages arising out of or related to bodily injury or property damage, whether known or unknown, that (a) first occurred before the policy's inception date, or (b) is alleged to be in the process of occurring as of the policy's inception date; or (2) any loss or claim for damages arising out or related to bodily injury or property damage, whether known or unknown, that is in the process of settlement or suit as of the policy's inception date.

*Garcia*, 227 F. Supp. 3d at 994.  Rejecting the insured's argument that the exclusion only barred *claims* brought before the coverage period, the court determined that "the relevant question [was] when the *damage* occurred or began occurring." *Id.* at 997-98 (emphasis added).  Thus, the court concluded that because the damage began to occur before the policy's inception, the insurance company had no duty to defend or indemnify the insured, regardless of if the claim was brought or the harm continued to occur during the policy's coverage period.  *Id.*  The Seventh Circuit also performed a textual analysis on appeal and agreed with the district court's interpretation. *Garcia*, 878 F.3d at 570.  Contrary to Unicontrol's assertion, neither court mentioned that

Indiana law required it to interpret the exclusion in light of the public policy favoring narrow exclusions.  Instead, the courts interpreted and enforced the policy's plain terms.  *See Garcia*, 878 F.3d at 570; *Garcia*, 227 F. Supp. 3d at 994.

For its second argument, Unicontrol argues that Subsection (a) is ambiguous, and therefore James River must, at a minimum, indemnify and defend it on *pro rata* basis for any damage that occurred during the coverage period.  (Doc. No. 20 at PageID 705-08.)

In support of ambiguity, Unicontrol highlights that in another provision James River explicitly asserted that the policy limited coverage to harm "that first commenced" during the coverage period.  (Doc. No. 20 at PageID 705.)  Unicontrol posits that by not having this "first commenced" language, Subsection (a) does not unambiguously exclude damage that began before but continues throughout the Policies' coverage periods.  (*Id.*)  The Court finds this argument unpersuasive.  By including the phrase "which begins or takes place before the inception date of coverage," James River made its intent clear that the Insuring Agreement Provision covers only harm that first commenced during the coverage period.  (Doc. No. 1-1 at PageID 103.)

Without much explanation, Unicontrol also posits that the "even though" phrases in Subsection (a) reasonably support its interpretation that James River is responsible on a *pro rata* basis for damage that begins before but continues to occur during the coverage period.  (Doc. No. 20 at PageID 707.)  Again, the Court finds this argument strained.  The purpose of the "even though" phrases in Subsection (a) is to clarify that the relevant timeframe for when a harm occurs is when the damage "begins" or "takes place," even though, among other things, the damage may be continuous or evolve.  (Doc. No. 1-1 at PageID 103.)  Subsection (a) does not

include any language indicating that the parties contemplated *pro rata* coverage for ongoing or continuous harm.

Overall, Unicontrol casts no doubt on the plain meaning of Subsection (a) – if the damage occurred or began to occur before the policy's inception, James River is not liable for any part of the damage. *See e.g., Erie Indem. Co. for Subscribers at Erie Ins. Exch. v. Est. of Harris by Harris*, 99 N.E.3d 625, 630 (Ind. 2018) (noting that a policy is not ambiguous just because one party casts doubt as to its meaning); *Lager v. Miller-Gonzalez*, 896 N.E.2d 666, 669 (Ohio 2008) ("[I]t is equally well settled that a court cannot create ambiguity in a contract where there is none.").

Notably, the insured in *Garcia* made the same argument as Unicontrol for *pro rata* coverage, which both courts rejected because the exclusion contained no language that supported such an interpretation. 227 F. Supp. 3d at 998; 878 F.3d at 569-70. Here, the Claims in Progress Exclusion is even more clear than the *Garcia* exclusion because the phrase "any loss or claim for damages" does not appear in Subsection (a), which makes plain that the exclusion applies if the damage occurred or began occurring before the policy's inception, even if the claim was brought during the coverage period. *See* 227 F. Supp. 3d at 998.[2]

---

[2] In its supplemental brief, Unicontrol seems to use the fact that Subsection (a) does not include the "any loss or claim for damages" language in it to argue that the provision does not exclude "claims" related to "property damage" but only the "property damage" itself. (Doc. No. 25 at PageID 734.) If this is what Unicontrol argues, this argument fails. First, this exclusion is titled "Exclusion – Claims in Progress," which is listed directly above Subsection (a). (Doc. No. 1-1 at PageID 103.) Second, the Claims in Progress Exclusion modifies the Insuring Agreement Provision, which requires the insurance company to defend and indemnify the insured in lawsuits that seek to make the insured liable for property damage. (*Id.* at PageID 25.) Unicontrol cannot reasonably argue that Subsection (a) does not remove claims brought within the coverage period – but arising out of property damage that first occurred before the policy's inception – from the Insuring Agreement Provision.

13

For its final argument, Unicontrol posits that Subsection (a), at most, only absolves James River of the duty to indemnify, not defend.  (Doc. No. 20 at PageID 708.)  Instead of providing textual support for this argument, Unicontrol cites Ohio and Indiana caselaw standing for the proposition that the duty to defend is broader than the duty to indemnify in an insurance contract. (*Id.*)  Although this is a correct statement of law, Ohio and Indiana do not prohibit an insurance company from limiting its duty to defend if the limitation is made clear.  *See Newnam Mfg., Inc. v. Transcon. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007) ("The law in this jurisdiction is well settled that where an insurer's independent investigation of the facts underlying a complaint against its insured reveals a claim patently outside of the risks covered by the policy, the insurer may properly refuse to defend.") (citations omitted)); *Ohio Govt. Risk Mgt. Plan v. Harrison*, 874 N.E.2d 1155, 1160 (Ohio 2007) ("However, an insurer need not defend any action or claims within the complaint when all the claims are clearly and indisputably outside the contracted coverage.").

Here, Subsection (a) explicitly covers James River's duty to defend because it modifies James River's obligations outlined in the Insuring Agreement Provision.  (Doc. No. 1-1 at PageID 103.)  And one of the duties mentioned in the Insuring Agreement Provision is the duty to defend.  (*Id.* at PageID 25.)

In sum, the Court finds that Subsection (a) of the Claims in Progress Exclusion unambiguously states that James River has neither a duty to defend nor an obligation to indemnify Unicontrol in the Underlying Lawsuit.  Because both parties agree that the Claims in Progress Exclusion's Subsection (b) in no way impacts the meaning of Subsection (a), the Court need not determine whether Subsection (b) also removes the Underlying Lawsuit from the Insuring Agreement Provision's ambit.  (Doc. No. 24 at PageID 725; Doc. No. 25 at PageID

731.)  Because Subsection (a) is dispositive, the Court need not determine whether the other

contested provision (the "Pollution and Pollution Related Liability Endorsement") applies, which

would require the Court to resolve a complex choice-of-law question and examine Ohio or

Indiana court cases interpreting similar provisions.  *Garcia*, 227 F. Supp. 3d at 997 (noting that

the principle of judicial restraint compelled it to refrain from resolving a complex question raised

in the parties' briefs when another provision quickly resolved the issue); *see also Couch v.

Reinhold*, No. 4:06-CV-146, 2008 WL 659513, at *6 (W.D. Mich. Mar. 6, 2008) (highlighting

the importance of judicial restraint on issues of state law.).

### IV.  Conclusion

For the reasons stated above, this Court GRANTS James River's motion for summary

judgment (Doc. No. 17) and DENIES Unicontrol's motion for partial summary judgment (Doc.

No. 15).  The Court declares that James River has no duty to defend or indemnify Unicontrol in

the Underlying Lawsuit.  This case is dismissed.


**IT IS SO ORDERED.**


Date: July 25, 2022                                BRIDGET M. BRENNAN
                                                   UNITED STATES DISTRICT JUDGE